UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                          20-cr-363 (PKC)

        -against-                                           OPINION
                                                                       AND ORDER

JUDON MCBRIDE,

                       Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Judon McBride urges that the verdict form ought to list the option of a "Not Guilty" verdict before that of "Guilty" "so that . . . this will be the first option any juror . . . will see." (Letter of Martin S. Cohen, April 26, 2021 at 2.) "Our request is grounded in the presumption of innocence. . . ." (Id.) The suggestion appears to be based on accepted practice in some courtrooms. See, e.g. Coleman v. State, No. 0812 Sept. Term 2014, 2015 WL 5925459 (Md. Ct. Spec. App. July 28, 2015); State v. Yoo, 110 Haw. 145, 129 P.3d 1173 (Ct. App. 2006); but see United States v. Bell, 750 Fed. App'x 941, 943 (11th Cir. 2018) (the sequence of listing "guilty" before "not guilty" in a verdict form did not "improperly guide the jury" in light of jury instructions about the government's burden) (summary order).

        A judge is granted wide discretion in the formulation of a verdict sheet in a criminal case. See, e.g., United States v. Applins, 637 F.3d 59, 82-83 (2d Cir. 2011); United States v. Ogando, 968 F.2d 146, 149 (2d Cir. 1992).

        This Court declines the invitation to place "not guilty" before "guilty" because it unreasonably invites a form of mental gymnastics by jurors. Jurors are empaneled to decide whether the government has proven each element of a crime by proof beyond a reasonable doubt.

"Not guilty" is the only proper verdict when the government has not met its burden. There is no quantum of evidence or necessary elements for a verdict of "not guilty." It is not the equivalent of a finding of innocence, but a finding that a charge has not been proven by the requisite burden of proof.[1] A "not guilty" verdict may be based on any of the many ways in which proof of guilt is found lacking. To reach a unanimous verdict of "not guilty," a jury should consider whether the sufficiency and weight of the credible evidence supports a finding that the government has proved each element of a crime. Listing "not guilty" as the first option invites jurors to weigh non-guilt as a standalone concept, rather than focus, as they should, on the high burden to prove guilt.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 27, 2021

---

[1] In the trial of Aaron Burr, the jury famously returned the following verdict: "We of the jury say that Aaron Burr is not proved to be guilty under the indictment . . . submitted to us." Chief Justice Marshall recorded it as a not guilty verdict. Hannah Phalen, Overcoming the Opposition to A Third Verdict: A Call for Future Research on Alternative Acquittals, 50 Ariz. St. L.J. 401, 401 (2018).